UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRANDON SCOTT LAVERGNE**<br>    **LA. DOC #424229**<br>**VS.** | **CIVIL ACTION NO. 6:13-2147**<br><br>**SECTION P**<br><br>**JUDGE HAIK** |
| **HERMAN CLAUSE** | **MAGISTRATE JUDGE HILL** |

<u>REPORT AND RECOMMENDATION</u>

*Pro se* plaintiff Brandon Scott Lavergne ("Lavergne"), proceeding in *forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 on June 27, 2013.  Lavergne is an inmate in the custody of the Louisiana Department of Public Safety and Corrections.  He is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana where he is serving two life sentences imposed by Judge Clause of the Louisiana Fifteenth Judicial District Court for Lafayette Parish following his August 17, 2012 convictions for the murder of Michaela Shunick ("Shunick") and Lisa Pate ("Pate"). Lavergne names Fifteenth Judicial District Court Judge Herman Clause ("Judge Clause") as the sole defendant.

    Lavergne alleges that Judge Clause violated his constitutional rights at his guilty plea hearing and by issuing adverse rulings on his post-conviction applications and accompanying motions.  More specifically, Lavergne alleges that Judge Clause held a "pre-hearing meeting" in Chambers with counsel prior to acceptance of his plea, at which Lavergne was not present, thereafter accepted Lavergne's guilty plea, which included a

plea of guilty to the Pate murder, over which Judge Clause allegedly knew he did not have jurisdiction, allowed the State to read "a fraudulent statement in support of the plea"[1] into the record, and did not ask Lavergne to state in his own words what happened on the nights of the charged murders of Pate and Shunick.  Lavergne additionally alleges that Judge Clause "knowingly lied and committed fraud in his rulings" on Lavergne's application for post-conviction relief, accompanying motion for discovery and motion for return of property, as well as a motion requesting law library access and a c-pap machine, by "knowingly and willfully lying and misrepresenting the facts in his rulings. . . ."  Accordingly, by this action, Lavergne seeks punitive damages from Judge Clause for mental anguish, and the pain and suffering these actions have allegedly caused him.

This matter has been referred to the undersigned for review, report and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders  of the Court.

## LAW AND ANALYSIS

On August 17, 2012, Lavergne pled guilty to two counts of first degree murder for the murders of Shunick and Pate, with the stipulation that he be sentenced to life imprisonment on each count.  In accordance with the plea agreement, Lavergne was sentenced by Judge Clause that date to life imprisonment on each count.  Lavergne did

---

[1] All parties, including Lavergne, signed a Statement in Support of Plea, which was apparently read into the record at the August 17, 2012 plea hearing and entered into evidence as S-2.  The document is a matter of public record, which this Court takes judicial notice of.

not directly appeal his convictions or sentences. Post-Conviction relief has not been granted.[2] Moreover, neither this or any other federal court has issued a writ of *habeas corpus*.

## I. Screening

When a prisoner files suit in *forma pauperis* pursuant to 42 U.S.C. § 1983, the court is obligated to evaluate the complaint and dismiss it without service of process, if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998) *citing Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *See also Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). The plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Green v. Revel*, 2011 WL 165453, *1 (5th Cir. 2011) *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

---

[2]This information was confirmed by communication with the Clerk of the Fifteenth Judicial District Court and the Louisiana Third Circuit Court of Appeal.

In his Complaint, Lavergne has set forth specific facts which he claims entitles him to damages and he has pleaded his best case. The facts alleged by Lavergne have been accepted as true for the purposes of this Report. Nevertheless, Lavergne's damage claims are subject to dismissal for the reasons which follow.

## II. *Heck v. Humphrey*

Lavergne seeks monetary damages from Judge Clause in connection with his state criminal proceeding, which resulted in his conviction for the murder of Shunick and Pate, for which he is serving two life sentences imposed by Judge Clause of the Louisiana Fifteenth Judicial District Court for Lafayette Parish.

It is well established that to recover damages for an allegedly "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of *habeas corpus* [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Heck*, 512 U.S. at 487, 114 S.Ct. at 2372. The Supreme Court imposed this requirement on § 1983 plaintiffs in order to avoid collateral attacks by plaintiffs on convictions against them that are "still

outstanding." *Id.* at 486, 114 S.Ct. at 2371. Moreover, if judgment in favor of a civil rights plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff demonstrates that the conviction or sentence has already been invalidated. *Id.*

Lavergne's claims would, if true, necessarily implicate the validity of his state court criminal proceeding and the convictions and sentences imposed therein. Lavergne does not contend that his murder convictions or his life sentences have been reversed, expunged, or declared invalid. To the contrary, Lavergne admits that he is currently serving his sentences for these convictions. Moreover, there is no jurisprudence establishing that these convictions have been reversed, expunged, or declared invalid. Furthermore, no federal court has issued a writ of *habeas corpus*.

While Lavergne argues that his murder convictions and resulting sentences are invalid and unconstitutional, Lavergne stands convicted, and his convictions were, in part, the result of the alleged complained of illegal and unconstitutional actions of the defendant. Thus, it is clear that if this court were to grant Lavergne the damages he seeks, that ruling would necessarily implicate the validity of Lavergne's convictions and sentences. Accordingly, Lavergne's claims, which are directed at the validity of his criminal prosecution and resulting convictions and sentences, are barred by *Heck.* The claims are not cognizable under 42 U.S.C. § 1983 at this time. These claims must therefore be dismissed with prejudice for failure to state cognizable claims. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

**III. Judicial Immunity**

Despite the applicability of *Heck*, a district court may appropriately consider the possible applicability of the doctrine of absolute immunity as a threshold matter in making a § 1915 determination. *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).

It is well settled that "[j]udicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions." *Boyd*, 31 F.3d at 284; *Krueger v. Reimer*, 66 F.3d 75, 76-77 (5th Cir. 1995) (*per curiam*); *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir. 1993), *abrogated on other grounds by Arvie v. Broussard*, 42 F.3d 249 (5th Cir. 1994). "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359, 98 S.Ct. 1099, 1106, 55 L.Ed.2d 331 (1978); *Brandley v. Keeshan*, 64 F.3d 196, 200-201 (5th Cir. 1995), *cert. denied*, 516 U.S. 1129 (1996), *abrogated on other grounds by Wallace v. Kato*, 549 U.S. 384, 127 S.Ct. 1091, 1100, 166 L.Ed.2d 973 (2007). The alleged magnitude of the judge's errors or the mendacity of his acts is irrelevant. *Boyd*, 31 F.3d at 284 *citing Young v. Biggers*, 938 F.2d 565, 569 fn. 5 (5th Cir. 1991).

Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages. *Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a

judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.' " *Id.* at 10 (citation omitted). Judicial immunity is a matter of policy and is necessary because a judge "should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption [and] [i]mposing such a burden on judges would contribute not to principled and fearless decisionmaking but to intimidation." *Pierson v. Ray*, 386 U.S. 547, 554, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 (1967).

Consequently, judicial immunity cannot be overcome even by allegations of bad faith or malice; judicial immunity "applies even when the judge is accused of acting maliciously and corruptly." *Mireles*, 502 U.S. at 11 *quoting Pierson*, 386 U.S. at 554. In determining whether a judge is entitled to immunity, "[i]t is the Judge's actions alone, not intent, that [courts] must consider." *Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir. 1993).

Judicial immunity can only be defeated by showing that the judge's actions were of a non-judicial nature or that he acted in the complete absence of jurisdiction. *Boyd,* 31 F.3d at 284 *citing Mireles*, 502 U.S. at 11-12, 112 S.Ct. at 288. A judge's acts are judicial in nature if they are "'normally performed by a judge'" and the parties affected "'dealt with the judge in his judicial capacity.'" *Id.* at 285 *citing Mireles*, 112 S.Ct. at 288 *quoting Stump*, 435 U.S. at 362. "Where a court has some subject-matter jurisdiction, there is sufficient jurisdiction for immunity purposes." *Malina,* 994 F.2d at 1125. A

Louisiana District Court has exclusive original subject matter jurisdiction over all felony criminal proceedings. La. Const. Article 5, § 16(A)(2).

Plaintiff's allegations demonstrate that the complained of actions of Judge Clause were judicial in nature, and were taken in connection with Lavergne's criminal proceeding, a felony criminal case within the jurisdiction of the court to which Judge Clause was elected. Therefore, Judge Clause is entitled to immunity, and Lavergne's complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

## IV. State Law Claims

To the extent that Lavergne's allegations may be construed as asserting claims under Louisiana State law, this Court should decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3).[3]

A district court may decline to exercise supplemental jurisdiction if the court has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3); *Nowell v. Acadian Ambulance Service*, 147 F.Supp.2d 495, 510 (W.D. La. 2001). Indeed, when a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims. *Id. citing Bass v. Packwood Hospital*, 180 F.3d 234, 246 (5th Cir. 1999)

---

[3]This Court cannot exercise diversity jurisdiction, over any claims asserted by Lavergne under Louisiana State law because complete diversity is lacking. For exercise of this Court's diversity jurisdiction, it is axiomatic that complete diversity is required. Thus, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action. *Exxon v. Allapattah*, 545 U.S. 546, 553, 125 S.Ct. 2611, 2617 (2005) citing *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806) and *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 375, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). In sum "[i]ncomplete diversity destroys original jurisdiction with respect to all claims" in the action. *Id.* at 2618. Here, both Lavergne and Judge Clause are Louisiana citizens. Accordingly, complete diversity is lacking.

*citing Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989). However, the dismissal should be without prejudice. *Id*.

In light of the above, all federal claims asserted against the defendant will be dismissed. Accordingly, no federal question will remain before this court. Accordingly, the undersigned recommends that this Court decline supplemental jurisdiction over any state law claims asserted by Lavergne, dismissing those claims without prejudice.

For the reason set forth above[4];

**IT IS RECOMMENDED** that Lavergne's civil rights complaint be **DISMISSED WITH PREJUDICE** subject to reassertion if the requirements of *Heck v. Humphrey* are

---

[4]Although Lavergne does not seek his immediate release from custody. The undersigned notes that such relief is not available in a civil rights action. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997); *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Serio v. Members of the La. State Board of Pardons,* 821 F.2d 1112, 1117 (5th Cir. 1987); *Cook v. Texas Dept. of Criminal Justice Planning Dept.*, 37 F.3d 166, 168 (5th Cir. 1994); *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir. 1989) (A *habeas corpus* petition is the proper vehicle to seek release from custody); *Muhammad v. Close,* 540 U.S. 749, 750, 124 S.Ct. 1303, 1304 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of *habeas corpus*.").

Further, the undersigned notes that any *habeas corpus* action which Lavergne could file would most probably be dismissed for failure to properly and fully exhaust state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Minor v. Lucas*, 697 F.2d 697 (5th Cir. 1983); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of each of his claims to the state courts in a procedurally proper manner. *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001). Moreover, each claim must be presented to the state's highest court, even when review by that court is discretionary. *O'Sullivan v. Boerckel,* 526 U.S. 838, 119 S.Ct. 1728 (1999); *Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir. 1998) *citing Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985). In Louisiana, the highest court is the Louisiana Supreme Court. *See also*, 28 U.S.C. § 2254(b)(1). Nothing suggests that Lavergne has exhausted his state court remedies by fairly presenting his federal claims to the Louisiana Supreme Court in a procedurally correct manner.

met.

Alternatively, **IT IS RECOMMENDED** that Lavergne's civil rights complaint be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii) for failure to state a claim upon which relief can be granted because Judge Clause is immune from suit for monetary damages.

**IT IS FURTHER RECOMMENDED** that Lavergne's claims under Louisiana State law, if any, be **DISMISSED WITHOUT PREJUDICE.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, February 12, 2014.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE